## Stewart's Estate.

*Executors and administrators—Accounting—Trust and trustees.*

The orphans' court commits no error in directing the administrator of a deceased executor to file an account after the death of the widow of the deceased where it appears that over forty years prior to the death of the widow, the executor filed an administration account showing a balance in his hands the interest upon which was to be paid to the widow during her life and the principal to other parties after her death, and that the principal was to be secured during the widow's life by a bond and mortgage on real estate.

Argued Feb. 6, 1905. Appeal, No. 104, Jan. T., 1904, by Ellen W. Hibbs, administratrix of Rachel J. Stewart, deceased, from decree of O. C. Bucks Co., directing the filing of an account in the estate of John Stewart, deceased. Before MITCH-ELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Petition for citation. Before STOUT, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree directing the account.

*L. L. Smith*, with him *William Stuckert*, for appellant.— Whether the estate of Rachel J. Stewart be liable at all upon the theory that she received the assets of her husband's estate as a trustee under his will, or as life tenant, are questions which will be met at the proper time, but that the appellant is not bound to file an account as executrix there can be no doubt: Seibert's App., 2 W. N. C. 557; Norris's App., 71 Pa. 106; Com. v. Snyder, 62 Pa. 153.

*Trevor T. Matthews*, for appellee, cited : Wiegand's App., 28 Pa. 471 ; Weldy's App., 102 Pa. 454 ; Stong's Estate, 160 Pa. 13 ; Irvine's Est., 203 Pa. 602 ; Fesmire's Est., 134 Pa. 67.

OPINION BY MR. JUSTICE POTTER, June 22, 1905 :

The appellant in this case alleges that the court below committed error in ordering an account of the administration of the estate of John Stewart, deceased, by Rachel J. Stewart as the surviving executor of the said John Stewart, deceased.

It appears from the record that Rachel J. Stewart and Amos Wilkinson were joint executors of the estate of John Stewart, deceased. That on May 3, 1858, an account was filed, showing the sum of $6,196.32 in the hands of the executors. The interest upon the entire amount of the estate was to be paid to the wife, Rachel J. Stewart, during her lifetime, if she remained unmarried, and the funds were to be secured by bond and mortgage on real estate. The principal of the fund was not payable until the death of Rachel J. Stewart, which did not occur until 1902.

The suggestion of counsel for appellant that the account now ordered is for the same assets which were administered in 1858, is altogether beside the mark. That was an administration account, while the accounting now sought is for the principal of the fund which has been held in trust during all these years as a producer of income for Rachel J. Stewart. The corpus of the fund never belonged to her. The fund in question was reported as on hand when the former account was filed, and it was thereafter to be held for investment as a trust fund, under the terms of the will of John Stewart. What is now sought is an accounting for the principal of that fund, after the term of its use for the benefit of Rachel J. Stewart during her lifetime, had expired. She was entitled to the interest upon it, but not to any part of the principal sum.

The learned judge of the orphans' court was clearly right in directing the rendering of an account. The assignments of error are overruled and the decree is affirmed.